UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2006[*]
Decided October 18, 2006

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-2065

| | |
|---|---|
| CHARLES R. JACKSON, <br> *Plaintiff-Appellant*, <br><br> *v.* <br><br> CITY OF JOLIET, *et al.*, <br> *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 03-C-4088 <br><br> **Samuel Der-Yeghiayan**, *Judge*. |

**O R D E R**

Charles Jackson sued the City of Joliet ("the City") and two of the City's police officers, alleging that the officers violated his civil rights in violation of 42 U.S.C. §§ 1983, 1985(3) and state law by stopping, assaulting, and arresting him without provocation. The district court initially dismissed Jackson's state law claims and his

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

§ 1983 claim against the City, subsequently granted summary judgment for the defendants on Jackson's remaining claims, and then denied Jackson's Rule 59(e) motion to set aside the judgment. Jackson now appeals, and we affirm.

In his complaint, Jackson alleged that the officers used excessive force and violated his Fourth Amendment rights when they approached him in his parked car for no reason, slammed him onto the sidewalk, forcibly searched his mouth for contraband, and arrested him. He also alleged that the officers "conspired" to arrest him in retaliation for his statements that he would monitor their harassment, and that they conspired to deny him equal protection of the laws based on his race. He alleged further that the City was liable for its failure to supervise and discipline the officers under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

The district court dismissed the *Monell* claim, finding that Jackson failed to allege that there was a City policy, custom, or practice that was responsible for the alleged constitutional violations. The court, however, allowed the parties to proceed to discovery on Jackson's remaining federal claims.

At the summary judgment stage, the defendants presented a version of the events underlying Jackson's claims that differed markedly from his allegations. Specifically, the defendants submitted evidence that on June 18, 2001, Officers Darrell Gavin and Robert O'Dekirk were patrolling in Joliet, Illinois when they observed Jackson make a left turn in his car without using a turn signal. The officers pulled Jackson over, and after Jackson permitted them to search him and his vehicle, the officers found large amounts of money in his pockets. As they were talking, Gavin noticed something plastic under Jackson's tongue. Based on his experience as a police officer, Gavin knew that some drug users and dealers hid drugs in their mouth. When Gavin asked Jackson what was under his tongue, Jackson swung at Gavin's head. Jackson then attempted to flee, but Gavin stopped him by grabbing him around the chest. Gavin and O'Dekirk then tackled Jackson to the ground and handcuffed him. During handcuffing, Gavin ordered Jackson to spit out whatever was in his mouth. Jackson refused to comply, bit O'Dekirk's thumb, and swallowed what was in his mouth. The officers arrested Jackson and he was charged with aggravated battery of a police officer. *See* 720 Ill. Comp. Stat. § 5/12-4(b)(6).

Though Jackson submitted a response disputing the defendants' statement of facts, the district court found that Jackson's response did not comply with Local Rule 56.1 of the Northern District of Illinois because the evidence Jackson cited did not refute the defendants' facts. The court thus deemed those facts admitted.

Based on the defendants' statement of facts, the district court granted summary judgment to the defendants on Jackson's excessive force, conspiracy, and Fourth

Amendment claims. The court found that the officers were entitled to qualified immunity because no reasonable fact-finder could conclude that they violated Jackson's constitutional rights. The court also found that the officers had probable cause to arrest Jackson and that they acted reasonably in response to Jackson's attempts to hit Officer Gavin and flee.

Jackson then moved for reconsideration—which the district court treated as a Rule 59(e) motion because it was filed within ten days of the judgment—arguing that the court erroneously accepted the defendants' version of the facts because his noncompliance with Local Rule 56.1 resulted from a typographical error. He asserted that his Local Rule 56.1 response mistakenly cited an arrest report rather than the transcript of a hearing held on the state's petition to revoke Jackson's probation based on his skirmish with the officers, and that this error was material because statements in the transcript directly refuted the defendants' version of the facts. The district court denied the motion, stating that it had thoroughly reviewed all of the record evidence, including the transcript, before deciding to grant summary judgment to the defendants.

On appeal, Jackson first argues that the district court should have granted his Rule 59(e) motion because his typographical error was a "manifest error of fact" and that correction of his mistake would cure his noncompliance with Local Rule 56.1. We review the district court's decision regarding Jackson's failure to comply with that rule for abuse of discretion, *see Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005); *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004), and there was no such abuse here. Even crediting Jackson's purported error, the facts in the state court's transcript do not directly refute—and in many instances actually corroborate—the defendants' version of the facts. *See* N.D. Ill. Loc. R. 56.1(b)(3), *Cichon*, 401 F.3d at 809-10 (stating that district court may deem admitted the moving party's facts when they are uncontroverted by a response and its accompanying record citations). Jackson did not submit the required statement of additional facts to support his version of the events, which was the only permissible way for him to introduce facts. *See* N.D. Ill. Loc. R. 56.1(b)(3)(C); *Smith v. Lamz*, 321 F.3d 680, 682-83 (7th Cir. 2003). Thus, even when we account for Jackson's alleged typographical error, we conclude that he did not identify record evidence that creates a genuine issue of material fact, as Local Rule 56.1 requires.

Jackson next challenges the merits of the summary judgment ruling by renewing his arguments that the officers stopped him without probable cause, used excessive force, wrongly arrested him, and conspired against him. But here the district court properly limited its review to the defendants' Local Rule 56.1 statement, and our *de novo* review of its grant of summary judgment will rest on that statement as well. *See Koszola v. Bd. of Educ. of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004).

The district court properly found that the officers are entitled to qualified immunity because the facts do not show that they engaged in excessive force or that their conduct violated any constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Piggee v. Carl Sandburg Coll.*, No. 05-3228, 2006 WL 2771669, at *6 (7th Cir. Sept. 19, 2006). We analyze excessive force claims under the Fourth Amendment's "reasonableness standard," and we consider reasonableness from the perspective of "a reasonable officer on the scene." *Graham v. Connor*, 490 U.S. 386, 3956 (1989). Under this analysis, we pay "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 395-96; *Abdullahi v. City of Madison*, 423 F.3d 763, 768 (7th Cir. 2005). Here, the facts establish that the officers' use of force was entirely proper, because they used force only in direct response to Jackson's attempts to hit Officer Gavin and then flee. *See, e.g., United States v. Lawshea*, No. 05-4098, 2006 WL 2441399, at *4 (7th Cir. Aug. 24, 2006) (concluding that use of police dog is reasonable to prevent suspect from fleeing). Jackson has not pointed to any facts demonstrating that the level of force used by the officers was disproportionate to the threat Jackson posed, let alone excessive. *See Smith v. City of Chi.*, 242 F.3d 737, 744 (7th Cir. 2001) (use of force "was not high, let alone excessive" where officers who reasonably believed plaintiff was trying to flee pulled him from his car, pinned his arms, and slammed him against his car hood during handcuffing).

The district court also properly granted summary judgment on Jackson's claim that the officers violated his Fourth Amendment rights when they stopped and arrested him for battery. First, the officers had probable cause to believe that Jackson committed a traffic violation—they saw him make a left turn without signaling—and so it was reasonable for them to stop him. *See Whren v. United States*, 517 U.S. 806, 810 (1996) (stop reasonable where driver turned right without signaling and left intersection at "unreasonable" speed); *United States v. Muriel*, 418 F.3d 720, 724 (7th Cir. 2005) (stop reasonable where driver followed truck too closely). Second, "there is no Fourth Amendment violation so long as the officers had probable cause to arrest the suspect." *Driebel v. City of Milwaukee*, 298 F.3d 622, 644 (7th Cir. 2002). When Jackson took a swing at Officer Gavin and bit Officer O'Dekirk, he gave the officers probable cause to arrest him for aggravated battery. *See* 720 Ill. Com. Stat. § 5/12-4(b)(6).

Summary judgment was also appropriate with respect to Jackson's claims that the officers conspired to retaliate against him and to deprive him of equal protection of the laws, because Jackson identified no genuine issue of disputed fact. To demonstrate a conspiracy, Jackson must show that the defendants agreed to violate his constitutional rights, *see Alexander v. City of South Bend*, 433 F.3d 550, 556-57 (7th

Cir. 2006), and Jackson has not pointed to any evidence in the record to suggest that the officers formed any such agreement.

Jackson's final argument is that the district court erred in dismissing his *Monell* claim against the City because he pleaded sufficient facts to support his claim under federal notice pleading standards. However, the City is not liable under *Monell* unless Jackson's constitutional claims are viable. *Alexander*, 433 F.3d at 557. Jackson did not raise a genuine issue of material fact with respect to his constitutional claims against the officers, and so he cannot prevail against the City; remand for further consideration of his *Monell* claim would be futile. *See Pepper v. Vill. of Oak Park*, 430 F.3d 805, 812 (7th Cir. 2005).

**AFFIRMED**.